MAXEY v. WILSON.

Opinion delivered October 11, 1926.

1. SALES—NECESSITY OF DELIVERY OF POSSESSION.—One claiming as buyer of machinery for drilling oil wells under bill of sale *held* not to have title as against judgment creditor of seller, where the property was not at the place specified in the bill of sale and there was no delivery, either actual or constructive.

2. SALES—SUFFICIENCY OF DELIVERY OF POSSESSION.—Where a bill of sale of machinery described it as located on the seller's premises at a certain place, the subsequent shipment of machinery to such place to replace similar articles worn out was not a delivery to the buyer.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*C. M. Wofford*, for appellant.

*E. L. Matlock*, for appellee.

McCULLOCH, C. J. This is an action of replevin, instituted by appellee to recover possession of a lot of personal property constituting the equipment, tools and machinery for drilling an oil well, all of the property being situated in Crawford County, Arkansas. Appellant Maxey is the sheriff of the county, who took possession of the property under a writ of execution on a judgment in favor of appellant Harry E. Pane. Maxey was defendant below, and Pane was an intervener in the action. There was a trial and judgment below in favor of appellee, and both the defendant and the intervener appealed.

Appellee asserts title under an alleged sale to her by the B. P. L. Oil Company, a corporation, and Martin F. Pane and Charles W. Pane, who were officers of the corporation. Appellee introduced in evidence, in support of her claim, a written bill of sale from said corporation and the two parties mentioned above, in consideration of the sum of $2,000, conveying property described as follows:

"Personal property located in Crawford County, Arkansas, near the town of Cove City, at which site the

above-named parties are and have been drilling for oil, to-wit: One derrick complete, cables, sand-lines, engines, boilers, casings, water-lines, steam-lines, belts, blowers, generators, eight-wheel. lumber wagon, one 1923 Gray automobile, all lumber on the ground for the purpose of building a shack; stems, sinkers, bailers, bits, rimmers, and all other tools, wrenches, and equipment of every kind and description, including tool-boxes and all containers that are now on the above named premises and the property of the B. P. L. Oil Company, a corporation, and Martin Pane and Charles W. Pane.''

: The instrument above referred to was executed and dated December 18, 1923. Appellant Harry E. Pane is a brother of the two grantors of that name in the bill of sale, and they were all formerly stockholders and officers in the B. P. L. Oil Company, which was a foreign corporation domiciled at Tulsa, Oklahoma. The corporation was dissolved, and Harry E. Pane retired from the business, and the property and business of the corporation were taken over by his brothers, Martin F. and Charles W. At that time the corporation was engaged in drilling an oil well near the town of Cove City, in Crawford County, Arkansas, and the equipment mentioned in the bill of sale was on the ground at that place, as specified in the bill of sale. Harry E. Pane instituted an action in the circuit court of Crawford County against said corporation to recover compensation for services performed, and obtained a judgment for the recovery of a considerable sum of money. He caused execution to issue, which the sheriff levied on the property involved in this controversy, composed of a long list of machinery and other equipment for drilling, such as boiler, engine, generator, drilling-line, wagons, and various other things. According to the testimony adduced at the trial, none of the property which the sheriff took under execution was at the place mentioned in the bill of sale (the town of Cove City) at the time of the execution of that instrument, and therefore did not fall within the description specified therein. The

log wagon taken under execution was in the State of Mississippi at that time, and was shipped to Arkansas long after the execution of the bill of sale; and all of the other articles involved were at Tulsa, Oklahoma, and were not shipped to Arkansas until some time in May, 1924.

Appellee is the mother of the Panes, and, according to the testimony adduced in her behalf, the property in controversy was purchased by the corporation with money borrowed from her. At the time of the execution of the bill of sale, the property at Tulsa had been purchased from the International Supply Company, but was being withheld from shipment until payment should be made. Thereafter the property was paid for out of funds borrowed from appellee, and it was then, as before stated, shipped to Arkansas.

The contention of appellants is that the evidence is not sufficient to support the judgment, in that it does not show a completed sale so as to pass the title to appellee as against creditors of the corporation. An analysis of the testimony in the case leads us to the conclusion that this contention of appellants is sound. Delivery, either actual or constructive, is essential to the consummation of a sale of chattels, and the title does not pass until there has been a delivery. *Brown & Hackney* v. *Loveless,* 152 Ark. 540, 239 S. W. 21, and cases therein cited. Now, there is no testimony of any kind of delivery of the property involved in this controversy. It is plain that the property is not described in the bill of sale, for that instrument covers property "located in Crawford County, Arkansas, near the town of Cove City." The property in controversy was then at Tulsa, Oklahoma, and in the State of Mississippi, and therefore could not have been at the place named above so as to bring it within the terms of the bill of sale. There is some proof to the effect that the property held at Tulsa was paid for with money borrowed from appellee, but there is no proof of delivery, either actual or constructive, to appellee. The property in controversy, subsequent

to the execution of the bill of sale, was shipped to Crawford County and delivered to the place where the oil well was in process of being drilled, but this did not constitute a delivery to appellee, for she was not in possession of the premises and never at any time had any control over this property. It is true, as contended by counsel for appellee, that most of the property in controversy—not all of it—was shipped there to take the place of other property which had been worn out in conducting the drilling operations, but this did not constitute a delivery to appellee. The engine and boiler were used, according to the testimony, to replace similar articles worn out, and most of the other articles and property in controversy were shipped there for the same purpose. But the mere fact that they were to be used in the place of articles worn out did not bring them within the terms of the bill of sale or constitute a delivery so as to pass the title to appellee.

The evidence being insufficient, the judgment is reversed, and the cause remanded for a new trial.